HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMEDIOS S. OLIVEROS,

        Plaintiff,

v.

NORTHWEST TRUSTEE SERVICES, INC., et al.,

        Defendants.

No. CV11-5581RBL

ORDER DENYING MOTIONS FOR TRO AND PRELIMINARY INJUNCTION
[Dkt. #s 11 & 12]

      This matter is before the court on pro se Plaintiff Oliveros' Motions for a Temporary Restraining Order [Dkt. #11], and for a Preliminary Injunction [Dkt. #12]. Plaintiff seeks to restrain and enjoin the Defendants from pursuing foreclosure on her Property. Plaintiff's Complaint and Motions claim a variety of improprieties and violations in the manner in which the Defendants acquired and seek to foreclose on their Note and Deed of Trust. These filings are virtually identical to any number of "self help" pleadings recently filed in this Court, which are apparently available on the internet.

      Plaintiff claims to be the party of record ownership of Property commonly known as 1145 Villanova Street NE, Olympia, WA 98516. She claims she had a clear chain of title until May of 2004. She admits that, in 2006, she "authored the unregistered/unsecured" $285,000 Promissory Note, and that she "dictated the terms of that note." [Dkt. #1] Plaintiff has attached the Deed of Trust on the Property to her Complaint [Dkt. #1, Ex. B], and that Deed of Trust

ORDER - 1

bears the notarized signature of Remedios S. Oliveros. Plaintiff does not directly deny that she signed the Deed of Trust.

Instead, Plaintiff alleges a variety of improper subsequent transfers of the Deed of Trust. In an Affidavit attached to her Complaint [Dkt. #1-2], Plaintiff alleges that she intended to create a "loan contract" not subject to the UCC, but nevertheless subject to the law of Washington. She intended to restrict her lender's ability to transfer the Deed of Trust, and to foreclose. These stated intentions are directly contrary to the terms of the Deed of Trust she also supplies for the Court's review.

In a Memorandum in Support of her Complaint [Dkt. #1-1] Plaintiff cites a wide range of irrelevant case law on the tax consequences of gifts and other transfers (presumably related to the subsequent transfers of her Note and Deed of Trust) and cites Wikipedia for Latin maxims regarding rules applicable to factors and factoring. She quotes liberally from the Civil Rights Act, and vaguely alleges violations of RESPA and state law.

Plaintiff appears to claim that her obligations, if any, have been discharged by the Defendants' conduct, or alternatively that she has affirmative claims against the Defendants that offset her debt to them. Plaintiff also alleges (and includes evidence suggesting) that she was aware of the alleged default, and that her Property was scheduled to be sold at a Trustee's sale in June, 2011. She filed this action on July 27, and filed her Motions on August 3.

Plaintiff's Motions[1] [Dkt. #s 11 and 12] contain the following additional general and conclusory contentions:

- Plaintiff denies that she has defaulted on the subject loan.
- Plaintiff denies default has been proven.
- Plaintiff denies that default can be proven.
- Plaintiff denies the authenticity of the purported Note.
- Defendants are not authorized to foreclose.
- Defendants have produces no valid enforceable perfected security interest in the Property. [See Dkt. #s 11 & 12]

---

[1] Plaintiff's Motions are identical, as are the standards applicable to them.

Plaintiff also argues that she is likely to prevail on the merits, that the balance of equities tips in her favor, and that it is in the public interest to enjoin the foreclosure.

Plaintiff has also filed two "affidavits of hardship" [Dkt. #s 9 &10] describing the very real monetary, emotional and mental issues she would face in the event of foreclosure. She claims that the threatened harm to the Plaintiff outweighs any harm to the defendants in enjoining the foreclosure sale.

**Discussion.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

\*\*\*

The Plaintiff has failed as a matter of law to establish her right to a Temporary Restraining Order or a Preliminary Injunction. The court will assume Plaintiffs has established the element of irreparable harm, as evidenced by her Affidavits of Hardship. [Dkt. #s 9 &10].

But she has not met, and cannot meet, her burden of establishing that the remaining factors weigh in favor of injunctive relief.

Because the Plaintiff is proceeding *pro se*, the Court extends some latitude to her pleadings. Nevertheless, the bulk of Plaintiffs' arguments appear to rest on the purely conclusory allegation that the Defendants have failed in some manner to properly initiate the foreclosure. She suggests that these vague imperfections lead to the result that she is somehow not obligated to repay the money she admits she borrowed. Moreover, as Plaintiff concedes, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

The Plaintiff has not established any remote likelihood of success on the merits of her claims. It appears from Plaintiff's own filings that she has not paid on the mortgage since well before June of this year. She has not claimed otherwise. But the Plaintiff has not articulated, much less demonstrated, what the defendants did wrong, and she has failed to argue or demonstrate how any such error would or should have the effect of discharging Plaintiff's obligation to repay her debt. Her protestations about tax consequences, factoring rules, civil rights statutes, and the transaction she now claims she instead intended to conduct do not trump the documents she signed and submitted to the Court.

Nor has the Plaintiffs met her burden of establishing that the balance of equities tips in her favor. She has alleged hardship (a separate element) but have not even addressed how the equities are in her favor. On the other hand, the plaintiff has apparently been in possession of a home she has not paid for, for some period of time. The balance of equities weighs in favor of Defendants.

The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Plaintiff has made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting

every bank in the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

The Plaintiff has not met her burden to obtain injunctive relief. Her Motions [Dkt. #11 & 12] for such relief are therefore DENIED.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE